UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv197-FDW

| | |
|---|---|
| ADAM W. HALL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SAIT TAPP, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 5).

## I. BACKGROUND

*Pro se* Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983 while incarcerated at the Marion Correctional Institution. He names as the sole Defendant Assistant Unit Manager Sait Tapp.

Liberally construing the Complaint and accepting the allegations as true, Defendant Tapp was very disrespectful to Plaintiff, placed him in lockup, and confiscated Plaintiff's black prayer kuif cap and oil because Plaintiff was burning incense to pray. Defendant Tapp never did this to any other inmates. Plaintiff experienced mental and emotional injury. Plaintiff seeks the return of his cap and two bottles of oil, and transfer to another facility for his safety.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

1

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

## III. DISCUSSION

To the extent that Plaintiff attempts to state a First Amendment violation, his vague and conclusory allegations fail to establish that he had a sincerely held religious believe that was substantially burdened by Defendant's actions. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989); O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987); Turner v. Safley, 482 U.S. 78, 89 (1987).

Plaintiff appears to allege that Defendant Tapp wrongfully placed him in confinement for burning incense. Plaintiff's claim that he should not have been locked up for burning incense would necessarily imply the invalidity of the rule violation and therefore this claim cannot proceed. Edwards v. Balisok, 520 U.S. 641 (1997) (claim for declaratory relief and money damages based on allegations of deceit and bias on the part of state officials involved in disciplinary proceedings that necessarily imply the invalidity of the punishment imposed is not cognizable under § 1983).

Plaintiff's claim that Defendant Tapp failed to return his property after he caught him burning incense is not cognizable because Plaintiff has adequate post-deprivation remedies under North Carolina law. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986)); Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983).

Finally, to the extent Plaintiff seeks preliminary injunctive relief, he has failed to set forth any factual or legal basis for such relief. See generally Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (to obtain a preliminary injunction, a plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest); Sandin v. Conner, 515 U.S. 472 (1995) (a change in the conditions of a

prisoner's confinement that does not exceed the scope of the original sentence only gives rise to a federally protected liberty interest if it imposes atypical and significant hardship in relation to the ordinary incidents of prison life).

## IV. CONCLUSION

For the reasons stated herein, the Complaint is deficient and subject to dismissal. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against each of the defendants. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in

accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without prejudice and without further notice to Plaintiff.

3. The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

Signed: October 16, 2018

Frank D. Whitney
Chief United States District Judge