UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv197-FDW

| ADAM W. HALL, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| SAINT TAPP, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Amended Complaint, (Doc. No. 7). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 5).

## I. BACKGROUND

*Pro se* Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983 while incarcerated at the Marion Correctional Institution. He names as the sole Defendant Assistant Unit Manager Saint Tapp in his official capacity.

Liberally construing the Complaint and accepting the allegations as true, Defendant Tapp exceeded his authority by taking Plaintiff's religious items. On June 21, 2018, Tapp had Sergeant Morange take Plaintiff to segregation for praying and burning incense. Tapp went into Plaintiff's cell and took two bottles of oil and a black kufi which are "religious items for [Plaintiff]." (Doc. No. 7 at 4). Plaintiff alleges that this caused mental and spiritual injuries. Plaintiff seeks $20.96 for the items that were taken and $100 for "pain and suffering." (Doc. No. 7 at 5).

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or

1

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief.

2

Id.

**III. DISCUSSION**

The body of the Complaint contains allegations against an individual who is not named as a defendant in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against him nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at an individual not named as a defendant are therefore dismissed without prejudice.

The Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Therefore, a lawsuit against an officer in his official capacity is, in substance, a claim against the governmental entity and should be subject to the same analysis. See Almone v. City of Long Beach, 478 F.3d 100, 106 (2d Cir. 2007); see Hutto v. S.C. Retirement Sys., 773 F.3d 536, 549 (4th Cir. 2014) (State officials sued in their official capacities for retrospective money damages have the same sovereign immunity accorded to the State). Congress has not imposed § 1983 liability upon states, and the state of North Carolina has done nothing to waive its immunity. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)).

Plaintiff seeks damages against Defendant Tapp solely in his official capacity. (Doc. No. 7 at 2). Plaintiff's claims against Defendant for damages under § 1983 in his official capacity are equivalent to a suit against the State and is barred by the Eleventh Amendment. See generally Will,

491 U.S. at 66; Graham, 473 U.S. at 166; see, e.g., Hutto, 773 F.3d at 549. Therefore, no damages are available on Plaintiff's § 1983 claim.

Moreover, Plaintiff's claim that Defendant Tapp failed to return his property after he caught him burning incense is not cognizable because Plaintiff has adequate post-deprivation remedies under North Carolina law. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986)); Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983).

The First Amendment of the Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. Amend I. The First Amendment applies to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). For government conduct to survive scrutiny under the Establishment Clause, "(1) it must have a secular purpose; (2) its principal or primary effect must neither advance nor inhibit religion; and (3) it must not foster an excessive government entanglement with religion." Buxton v. Kurtinitis, 862 F.3d 423, 432 (4th Cir. 2017) (citing Lemon v. Kurtzman, 403 U.S. 602, 612–13 (1971)); see also Madison v. Riter, 355 F.3d 310, 316 (4th Cir. 2003). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In deciding whether a defendant's actions can be sustained as reasonably related to

legitimate penological interests, the court must consider the following four factors: (1) whether there is a valid, rational connection between the regulation and the legitimate penological interest; (2) whether there are alternative means of exercising the right in question that remain open to prisoners; (3) the impact accommodation of the asserted constitutional right would have on guards and other inmates and on the allocation of prison resources; and (4) whether ready alternatives exist which accommodate the right and satisfy the penological interest. See Turner, 482 U.S. at 89-90.

Plaintiff's vague and conclusory allegations fail to state a First Amendment claim because Plaintiff does not sufficiently allege that he had a sincerely held religious belief or that his belief was substantially burdened by actions that were not reasonably related to a legitimate penological interest. See generally Hernandez, 490 U.S. at 699; O'Lone, 482 U.S. at 349; Turner, 482 U.S. at 89.

Plaintiff's allegation that Defendant Tapp wrongfully placed him in confinement for praying and burning incense would necessarily imply the invalidity of the rule violation and therefore this claim cannot proceed. Edwards v. Balisok, 520 U.S. 641 (1997) (claim for declaratory relief and money damages based on allegations of deceit and bias on the part of state officials involved in disciplinary proceedings that necessarily imply the invalidity of the punishment imposed is not cognizable under § 1983).

## IV. CONCLUSION

For the reasons stated herein, the Amended Complaint is insufficient to proceed and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. §

1915(e)(2)(B)(i)-(iii).

2. The Clerk of Court is directed to close this case.

Signed: February 1, 2019

Frank D. Whitney
Chief United States District Judge